UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CARTIER GRAY, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | No. 24-6110 (KMW-SAK) |
| NAVY FEDERAL CREDIT UNION, *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

THIS MATTER comes before the Court by way of Plaintiff's Amended Complaint, filed June 17, 2024, in response to this Court's Order directing Plaintiff to amend his original Complaint within 30 days of May 31, 2024;

THE COURT NOTING that it has previously granted Plaintiff's IFP Application on May 31, 2024; and

THE COURT FINDING it is required to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Amended Complaint is dismissed for failing to state a claim.

While the Court has the obligation to construe a *pro se* litigant's pleadings, it does not require the Court to credit bald assertions or legal conclusions: "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the

plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted).

Here, the Court notes that Plaintiff amended his Complaint to assert that Defendant John Collins, the Chief Financial Officer of Navy Federal Credit Union, violated Plaintiff's "liberties to contract" and his "right to credit" pursuant to 41 U.S.C. § 6503 when the credit union refused to issue Plaintiff a personal loan of $30,000.

The Court notes that 41 U.S.C. § 6503 regulates remedies when there is a breach or violation of required contract terms for contracts pursuant to 41 U.S.C. § 6502, which is applicable to "contract[s] made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." Here, 41 U.S.C. § 6503 is inapplicable because Plaintiff is not an agency of the Federal Government.

Further, the Equal Credit Opportunity Act, 15 U.S.C. § 1691, prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to contract), an applicant's income deriving from public assistance, or in retaliation against an applicant's exercise of any right pursuant to the Consumer Credit Protection Act, (15 U.S.C. § 1601). To establish a *prima facie* claim under the Equal Credit Opportunity Act, a plaintiff must show that he: 1) was a member of a protected class, 2) applied for credit from defendant, 3) was qualified for the credit, and 4) was denied credit. *See Parker v. Route 22 Honda*, No. 22-7117, 2023 WL 157587 at *2 (D.N.J. Jan. 11, 2023). Plaintiff does not allege any facts to suggest that that he was a member of a protected class or that he was qualified for the line of credit requested.

Ultimately, Plaintiff's Amended Complaint does not contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); and

THEREFORE, the Complaint does not state a claim upon which relief can be granted.

IT IS this __3rd__ day of July, 2024 hereby

**ORDERED** that Plaintiff's Amended Complaint (ECF No. 4) is **DISMISSED WITHOUT PREJUDICE**; and

**FURTHER ORDERED** that Plaintiff is granted leave to amend his First Amended Complaint to address the deficiencies noted herein within 30 days of issuance of this Order; and

**FURTHER ORDERED** that if Plaintiff does not amend his First Amended Complaint within 30 days, the Clerk is directed to close the case without further Order from the Court; and

**FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

Hon. Karen M. Williams,
United States District Judge